HICKEY *v.* HARGRAVES.

4-4655

Opinion delivered May 17, 1937.

*A. M. Coates* and *Edwin Bevens,* for appellant.

*J. M. Jackson* and *W. G. Dinning,* for appellee.

HUMPHREYS, J. Appellant was appointed a member of the Board of Street Improvement District No. 16 of the city of Helena by the city council and assumed to and did act in that capacity about two and one-half years without having taken the oath of office within the time required, when the council on June 18, 1936, without notice to him, passed the following resolution:

"Whereas, there is now a vacancy in the Board of Commissioners of Street Improvement District No. 16 of the city of Helena, Arkansas, by reason of the failure of H. E. Hickey, who was appointed to this council as a member of the board to qualify by taking the oath of office as required by law.

"Now therefore, be it resolved that Elizabeth Houston be elected to fill the vacancy."

On the 25th of June, 1936, Elizabeth Houston qualified by filing her oath of office with the city clerk and entered upon her duties.

On July 9, 1936, appellant appeared before the city council and requested that the council rescind its action declaring that a vacancy existed in the office on account of his failure to file his oath within ten days after his appointment, alleging that he was a *de facto* officer of the board and was entitled to notice and a hearing before ousting him and selecting another member of the board. A motion was made to rescind the action of the council in accordance with his request which motion was rejected.

Appellant then filed a petition in the circuit court of Phillips county for a writ of certiorari to bring up and review the proceedings of the city council. The writ was granted by the circuit court and in response thereto a transcript of the proceedings by the city council was filed with the circuit clerk and the cause was heard by the circuit court on its merits resulting in a denial of any relief to appellant, from which is this appeal.

This proceeding is in no sense a collateral attack upon the validity of appellant's acts while acting as a member of the Board of Commissioners of Street Improvement District No. 16. If it were a collateral attack on his acts then the authorities cited by him would be applicable. The sole question raised on this appeal and by his petition is whether the action of the city council treating the office as vacant and selecting Mrs. Elizabeth Houston as a commissioner was without authority and void. Sections 5714 and 5715 of Crawford & Moses' Digest are as follows:

"Oath of office. Each member of the board shall, within ten days after his appointment, take the oath of office required by § 20 of art. 19 of the Constitution of this state, and that he will not, either directly or indirectly, be interested in any contract made by the board; which oath shall be filed in the office of the city clerk.

"Failure to take oath. If any member of the board shall fail to take such oath and to file the same in the

office of the clerk of the city within the time allowed herein, he shall be taken to have declined the office, and the council shall at once appoint another person, having the like qualifications, in his place, who shall take and file his oath of office within ten days after his appointment.'' These statutes are mandatory and where one is appointed a member of the board and fails to take the oath within the time required his failure to do so amounts to a declination of the office and it is made the duty of the city council to select another in his place. Appellant's failure to take the oath within the required time prevented him from acquiring any right or title to the office, and he cannot be treated as a *de facto* officer on direct attack.

The judgment of the circuit court is affirmed.